UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>EXIT 27 LLC,<br><br>    Defendant. | Case No. 21-cv-04314-SVK<br><br>**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO COMPLY WITH GENERAL ORDER 56 AND FAILURE TO PROSECUTE**<br><br>Re: Dkt. Nos. 15, 17, 18 |

Plaintiff filed this action under the Americans with Disabilities Act on June 7, 2021. Dkt. 1. Defendant answered on July 12, 2021. Dkt. 8. All parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 12.

In this District, any action which asserts denial of a right of access protected by Titles II or III of the Americans with Disabilities Act, 42 USC §§ 12131-89 ("ADA") is governed by General Order 56 ("GO 56"), which sets out specific steps to be completed before an initial case management conference. Paragraph 7 of GO 56 requires a joint site inspection no later than 60 days after service of the complaint. The deadline for the site inspection here was September 7, 2021.

On December 1, 2021, Plaintiff filed a motion for administrative relief seeking an extension of time to schedule the joint site inspection. Dkt. 14. In opposing that motion, Defendant laid out specific facts detailing Plaintiff's missed deadlines and delays in moving the case forward as required by GO 56. Dkt. 15. Having heard nothing from Plaintiff following service of the complaint, on September 14, 2021 Defendant reached out, inquiring as to how Plaintiff intended to prosecute the case without a joint site inspection. Dkt. 15-1 ¶ 2. Plaintiff did not respond to Defendant's inquiry for 29 days, until October 13, 2021, at which point Plaintiff inquired, for the first time, about scheduling the inspection. *Id*. Defendant responded immediately, informing Plaintiff that it would not stipulate to an extension. *Id*. ¶ 4. It appears that counsel squabbled on October 14, 2021, over how the issue would be presented to the Court, then Plaintiff once again fell silent for an extended period, until finally seeking relief from this Court

on December 1, 2021.  *Id*. ¶ 6; Dkt. 14.

The Court denied Plaintiff's administrative motion for relief and issued an order to show cause ("OSC"), with a briefing schedule, as to why this matter should not be dismissed for failure to prosecute.  Dkt. 16.  In response to the OSC, Plaintiff filed a declaration that acknowledged the delays.  Dkt. 17.  Other than referring to an initial calendaring mistake, Plaintiff offered no explanations for the repeated delays, let alone make any showing of good cause for ignoring the deadlines of GO 56.  *Id*.  The Court held a hearing on the OSC on January 25, 2022.

In consideration of the briefing before the Court and arguments of counsel at the hearing, the Court finds Plaintiff's delays incurred by failing to timely schedule the site inspection, by ignoring defense counsel's inquiry, and by waiting an inordinate amount of time to seek relief from the Court amount to Plaintiff missing the site inspection deadline by at least 84 days.  Such disregard for GO 56 is inexcusable.  Of particular concern to the Court is that Plaintiff's filing of December 1, 2021, is grossly misleading, indicating to the Court that Plaintiff had been waiting on inspection dates from Defendant and falsely claiming that Plaintiff "has worked diligently to attempt to return and keep this case in compliance with the General Order 56 deadlines."  Missing the initial deadline for the site inspection, then not responding to defense counsel for nearly 30 days, then delaying another 49 days to seek relief from this Court for missing a deadline by nearly *three months* is the opposite of having worked "diligently."

General Order 56 is intended to provide an efficient means of resolving ADA cases without undue expenditure of the parties' and the Court's resources.  In exchange for the benefits of GO 56, the parties must comply with its requirements.  Here, Plaintiff has failed to do so and misrepresented his failures to the Court.  Accordingly, this action is **DISMISSED**.  At the hearing the Court indicated that dismissal would be without prejudice.  However, upon further consideration of the record before it, the Court dismisses this action **WITH PREJUDICE**.

**SO ORDERED.**

Dated: January 26, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

2